IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT F. DWERLKOTTE, JR.,**

                **Petitioner,**

       **v.**                                    CASE NO. 12-3106-SAC

**SAM CLINE, et al.,**

                **Respondents.**

## O R D E R

This matter comes before the court on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner incarcerated in a Kansas correctional facility.

*District Court Filing Fee*

The record in this matter discloses that petitioner did not submit the $5.00 district court filing fee required by 28 U.S.C. § 1914, nor in the alternative did he submit a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.  The court grants petitioner additional time to satisfy one of these statutory requirements.  The failure to file a timely response may result in the petition being dismissed without prejudice, and without further prior notice.

If petitioner chooses to file a motion for leave to proceed in forma pauperis, the use of a court approved form motion is required, D.Kan.Rule 9.1(g), and the motion is to be supported by a certified accounting of petitioner's inmate trust fund account.

*Timeliness of the Petition*

The court's review of the record further discloses that the petition appears to be untimely filed.

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Applying these statutes to the dates provided by petitioner in his application, the court finds petitioner did not file his petition within the time limitations imposed by § 2244(d). *See Day v. McDonough*, 547 U.S. 198 (2006)("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").

Petitioner challenges his conviction in Reno County District Court Case No. 07-CR-526 that became final for purposes of starting the § 2244(d)(1) limitation period on February 6, 2010, when the United States Supreme Court denied *certiorari* review.[1] 28 U.S.C. § 2244(d)(1)(A). The running of that one year limitation period was suspended ("tolled") some eight and a half months later when petitioner filed a motion for post-conviction relief in the state

---

[1] *See State v. Dwerlkotte*, No. 99581, 2009 WL 50092 (Kan.App. February 27, 2009)(unpublished), *rev. denied* (November 6, 2009), *cert. denied* (February 6, 2010).

courts.[2]  28 U.S.C. § 2244(d)(2).  After the Kansas Court of Appeals affirmed the district court's denial of relief in that post-conviction proceeding, the three and half months remaining in the § 2244(d)(1) limitation period began running approximately November 14, 2011,when the time for filing a petition for review in the Kansas Supreme Court expired.[3]   Petitioner did not file the instant petition until April 27, 2012, almost two months after the § 2244(d)(1) limitation period had ended.

Because petitioner's federal habeas petition is untimely, the court must dismiss the petition unless petitioner demonstrates he is entitled to equitable tolling of the statute of limitations.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.; see also Lawrence v. Florida*, 549 U.S. 327, (2007)(assuming without deciding that equitable tolling applies to § 2244(d)).

Finding nothing on the face of the record suggests that petitioner might be entitled to equitable tolling of the § 2244(d)(1) limitation period, petitioner is directed to show cause why the petition should not be dismissed as time barred.  The failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further prior notice.

---

[2] *See Dwerlkotte v. State*, Reno County District Court Case 10-CV-464 (filed October 20, 2010).

[3] *See Dwerlkotte v. State*, Appeal No. 105669, 2011 WL 4906854 (Kan.App. October 14, 2011)(unpublished)(no petition for review filed within 30 day deadline set by Kan.Sup.Ct. Rule 8.03(a)(1)).

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to submit EITHER the $5.00 district court filing fee, OR a proper motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed as time barred.

The clerk's office is to provide petitioner with a court approved form for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 28th day of November 2012 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge